# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER DeBORD, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BULLET PRODUCTION SERVICES, LLC<br><br>*Defendant.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Christopher DeBord brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Bullet Production Services, LLC ("Defendant" or "Bullet") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Bullet at any time from September 17, 2015 through the final disposition of this matter, and were paid a day rate, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Defendant not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

7. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Christopher DeBord ("DeBord") was employed by Defendant within the relevant time period. Plaintiff DeBord did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

10. The Putative Class Members are those current and former oilfield workers who were employed by Defendant at any time from September 17, 2015 through the final disposition of this

---

[1] The written consent of Christopher DeBord is attached hereto as Exhibit "A."

matter, and have been subjected to the same illegal pay system under which Plaintiff DeBord worked and was paid.

11. Defendant Bullet Production Services, LLC ("Bullet") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for services of process: **Roger Floyd, 5601 Killarney Close Loop, Mathis, Texas 78368.**

## III.
## JURISDICTION & VENUE

12. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

13. This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Defendant's conduct within this District and Division.

14. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Defendant has maintained a working presence throughout South Texas and is headquartered in Corpus Christi, Nueces County, Texas, all of which is located within this District and Division.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

17. Bullet Production Services, LLC provides onshore well testing, flowback and torque and test services to the oil and gas industry throughout the State of Texas.[2]

18. To provide their services, Bullet employed (and continue to employ) numerous oilfield workers—including Plaintiff DeBord and the individuals that make up the putative or potential class.

---

[2] http://www.bulletproductions.net.

19. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

20. Plaintiff and the Putative Class Members' primary job duties consisted of rigging up and rigging down flowback and well testing equipment.

21. Specifically, Plaintiff and the Putative Class Members were responsible for taking samples of fluids; pulling gas tubes to detect H2S ("Hydrogen Sulfide") and other gases; operating and maintaining oilfield equipment; taking hourly readings; strapping tanks and entering information in their laptops to send to the respective production companies.

22. Plaintiff DeBord was employed by Defendant as an Operator in August 2018.

23. Plaintiff and the Putative Class Members were (and are) non-exempt employees paid a day rate only.

24. Specifically, Plaintiff DeBord received $300.00 per day worked, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

25. Upon information and belief, Plaintiff and the Putative Class Members were initially paid a day rate with no overtime compensation and then would be switched to hourly pay with overtime compensation after a certain period of time with no change in job duties or responsibilities.

26. Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendant.

27. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendant.

28. Virtually every job function was pre-determined by Defendant, including how to perform the tasks set by Defendant, the schedule of work, and related work duties.

29. In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of these predetermined parameters.

30. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual in nature, requiring little to no official training, much less a college education or other advanced degree.

31. Indeed, Plaintiff and the Putative Class Members are blue-collar oilfield workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

32. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

33. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees.

34. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

35. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendant.

36. Defendant determined the hours Plaintiff and the Putative Class Members worked.

37. Defendant set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

38. Defendant set all employment-related policies applicable to Plaintiff and the Putative Class Members.

39. Defendant maintained control over pricing and marketing. Defendant also chose equipment and product suppliers.

40. Defendant owned or controlled the equipment and supplies Plaintiff and the Putative Class Members used to perform their work.

41. Defendant had the power to hire and fire Plaintiff and the Putative Class Members.

42. Defendant made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

43. Defendant reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided the materials Plaintiff and the Putative Class Members used.

44. Plaintiff and the Putative Class Members did not employ their own workers.

45. Plaintiff and the Putative Class Members worked continuously for Defendant on a permanent full-time basis.

46. Defendant, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, and supplies. Moreover, Defendant paid operating expenses like rent, payroll, marketing, insurance, and bills.

47. Plaintiff and the Putative Class Members relied on Defendant for their work. Plaintiff and the Putative Class Members did not market any business or services of their own.

48. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Defendant, performed duties assigned by Defendant, worked on projects assigned by Defendant, and worked for the benefit of Defendant's customers.

49. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own.

50. Plaintiff and the Putative Class Members were not in business for themselves as they were economically dependent upon Defendant for their work.

51. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

52. Plaintiff DeBord often worked a minimum of 84 hours per week, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

53. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week.

54. Defendant denied Plaintiff and the Putative Class Members overtime compensation as a result of a widely applicable and illegal pay practice.

55. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

56. While an employer—like Bullet—can pay its non-exempt employees on a day rate basis, the employee(s)—Plaintiff and the Putative Class Members—still must receive overtime pay for all hours worked in excess of forty (40) each workweek. *See* 29 C.F.R. § 778.112.

57. Accordingly, Defendant's pay policies and practices violated (and continue to violate) the FLSA.

58. Defendant knew or should have known that Plaintiff and the Putative Class Members were entitled to overtime compensation pursuant to the FLSA.

59. Defendant's actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSE OF ACTION

### A. FLSA COVERAGE

60. All previous paragraphs are incorporated as though fully set forth herein.

61. The FLSA Collective is defined as:

**ALL OILFIELD WORKERS EMPLOYED BY BULLET PRODUCTION SERVICES, LLC, AT ANY TIME FROM SEPTEMBER 17, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WERE PAID A**

**DAY RATE AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY EACH WEEK. ("FLSA Collective" or "FLSA Collective Members")**

62. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

63. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

64. Specifically, Defendant operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

65. During the respective periods of Plaintiff and the Putative Class Members' employment by Defendant, these individuals provided services for Defendant that involved interstate commerce for purposes of the FLSA.

66. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

67. Specifically, Plaintiff was a non-exempt employee who worked for Defendant during the relevant time period and was engaged in labor that was directly essential to the production of goods for Defendant. 29 U.S.C. § 203(j).

68. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

69. The proposed class of similarly situated employees, i.e. putative FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 61.

70. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

71. Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

72. Moreover, Defendant knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

73. Defendant knew or should have known its pay practices were in violation of the FLSA.

74. Defendant is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

75. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendant to pay them according to the law.

76. The decision and practice by Defendant to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

77. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

78. All previous paragraphs are incorporated as though fully set forth herein.

79. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendant's day rate workers who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

80. Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

81. The FLSA Collective Members are defined in Paragraph 61.

82. Defendant's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

83. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

84. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

85. All of the FLSA Collective Members —regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

86. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

87. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of their rampant violations of the FLSA.

88. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

89. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 61 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

90. Plaintiff respectfully prays for judgment against Defendant as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 61 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff DeBord a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Defendant, at Defendant's expense; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 17, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Class Members***